United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEC, | No. C 04-01742 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CHICAGO D&P INC., | |
| Defendant. | |

Now before the Court is a Motion for Reconsideration of Motion for Fees and Costs by King & Taggert, Ltd., defendant's former counsel. After carefully considering the briefs and the arguments therein, the Court has determined that oral argument is unnecessary, see Local Rule 7-1(b), and the motion is DENIED.

**DISCUSSION**

The Motion fails for any one of three reasons. First, counsel failed to obtain leave of the Court to file the motion for reconsideration. See Local Rule 7-9(a). Second, even if the Court treats counsel's Notice of Motion as a motion for leave to file a motion for reconsideration, counsel failed to adhere to Local Rules 7-9(b) and (c). The only new fact that counsel identifies is that it has been sued in Nevada state court by Sierra Legal Duplicating for the costs in question. This additional information is not material to this Court's disposition. Further, what little argument counsel makes in its Points and Authorities in support of the motion includes no new arguments; rather, he repeats his previous

arguments that were denied in an Order dated January 7, 2005, in violation of Local Rule 7-9(c).[1]

Third, counsel's motion fails on the merits. As a matter of law, Chicago D&P (and subsequently the Receiver) held its assets in a constructive trust for its investors as soon as it perpetrated the fraud. See United States v. $4,22,958.57, 392 F.3d 1002, 1004 (9th Cir. 2004) ("It is hornbook law that, when a fraudster acquires property from a victim by fraud, the fraudster holds the property in constructive trust for his victim.")  As a result, none of Chicago D&P's creditors -- which both Sierra Legal and King & Taggert effectively are -- have any rights to reimbursement from the receivership until every defrauded investor is made whole. Since that is impossible given the small amount of money in the receivership, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 24, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Receiver, by submitting an opposition without direction from the Court, failed to follow Local Rule 7-9(d). Because neither party properly followed the Local Rules, the Court will not issue any sanctions.

G:\CRBALL\2004\1742\Order motreconsideration.wpd         2