FUTTERMAN & DUPREE LLP
JAMIE L. DUPREE (158105)
160 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838

*Attorneys for Receiver Stephen E. Anderson*

FILED

DEC 1 6 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO D&P, INC., PATRICIA MORGEN and SHALOM GIBSON,<br><br>Defendants,<br><br>and<br><br>REALTOPIA, INC.,<br><br>*Relief Defendant.* | Case No. C 04-1742 CRB<br><br>[~~PROPOSED~~] ORDER GRANTING RECEIVER'S MOTION TO APPROVE IRONWOOD PROPERTY SETTLEMENT<br><br>Date: December 16, 2005<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Charles R. Breyer |

WHEREAS Receiver's Motion to Approve the Ironwood Property Settlement ("Motion") came on regularly for hearing on December 16, 2005 at 10:00 a.m.

WHEREAS on May 11, 2005, the Court appointed Stephen E. Anderson ("Receiver") to act as Receiver for Chicago D&P, Inc. and its related and affiliated entities ("Chicago D&P"), in *Securities and Exchange Commission v. Chicago D&P, Inc. et al.*, N.D. California Case No. 04-1742 CRB (the "Action").

WHEREAS Chicago D&P purchased a number of properties prior to the appointment of

1

[PROPOSED] ORDER GRANTING RECEIVER'S MOTION
TO APPROVE IRONWOOD PROPERTY SETTLEMENT
C 04-1742 CRB

Receiver, including the property located at 118 Ironwood Court in Hercules, California (APN 406-351-016-0) (the "Ironwood Property"). The Ironwood Property was purchased in the name of Antoinette Duckett, although the money used to purchase the Ironwood Property and all carrying costs paid up to the time of Receiver's appointment were paid by Chicago D&P. A loan was also taken out against the Ironwood Property in Ms. Duckett's name.

WHEREAS on June 1, 2004, July 1, 2004, and August 31, 2004, the Court issued orders prohibiting the transfer of the Ironwood Property (the "Orders Prohibiting Transfer"). Due to a glitch in recording those orders, no order was recorded specifically prohibiting the transfer of the Ironwood Property until after September 1, 2004. In or around July 2004, Receiver posted a notice of his appointment as Receiver in the Action at the Ironwood Property.

WHEREAS the principal of Chicago D&P was Pat Morgen. Her daughter, Nika Dobbins, resided at the Ironwood Property at the time of the appointment of Receiver. Ms. Dobbins retained attorney Githaiga Ramsey ("Ramsey") to represent her in connection with the Action.

WHEREAS as described at the January 10, 2005 evidentiary hearing on Receiver's Motion for Civil Contempt against Githaiga D. Ramsey ("Receiver's Contempt Motion"), in exchange for a promise of payment in the amount of $20,500 and a promise to remove Ms. Duckett's name from the mortgage on the Ironwood Property, Ms. Duckett issued a quitclaim deed for the property to Antron Thurman ("Thurman"), which was recorded on or about June 15, 2004. Receiver is informed and believes Ms. Duckett did not receive the promised $20,500, nor did she understand there was an order prohibiting transfer of the Ironwood Property.

WHEREAS on or about August 27, 2005, Thurman purported to transfer the Ironwood Property to one of his employees, Jaime Bonilla (the "Thurman-Bonilla Transfer"). Shortly thereafter, Receiver notified the title company involved in that transaction, Fidelity National Title ("Fidelity"), of the Orders Prohibiting Transfer of the Ironwood Property. Fidelity had already wired funds to Ramsey ($31,000) and Thurman ($60,213.30) from its escrow for the

1  Thurman-Bonilla Transfer. Pursuant to this Court's Order, Receiver subsequently recovered the
2  $31,000 paid to Ramsey from the Fidelity escrow.

3  WHEREAS after the January 10, 2005 hearing on Receiver's Contempt Motion, the
4  Court entered judgment against Ramsey, and judgment has been entered against Ramsey in the
5  amount of $151,321.45 (the "Ramsey Judgment"). Receiver is informed and believes that
6  Ramsey has resigned from the California bar with disciplinary charges pending. Receiver has
7  done an asset check on Ramsey, and has been unable to locate any assets to satisfy the judgment
8  against Ramsey. Receiver believes it unlikely that he will collect the judgment against Ramsey,
9  particularly anytime before the receivership is concluded.

10  WHEREAS Receiver prepared a complaint to commence litigation concerning the
11  Ironwood Property to resolve the title issues and to recover the $60,231.30 received by Thurman
12  from the Thurman-Bonilla Transfer of the Ironwood Property. Thereafter, Thurman and Bonilla,
13  through their counsel, approached Receiver, through his counsel, concerning reaching a
14  negotiated resolution.

15  WHEREAS Receiver believes it is in the best interest of the receivership estate to avoid
16  the cost of litigation, to resolve the issues concerning encumbrances and title at the Ironwood
17  Property, and to resolve all claims between Receiver on the one hand and Thurman and Bonilla
18  on the other. Accordingly Receiver has negotiated a Proposed Settlement Agreement and
19  General Release ("Settlement Agreement"), which is attached as Exhibit A to the Anderson
20  Declaration filed in support of this Motion. Receiver believes the terms of the Settlement
21  Agreement are fair and reasonable to the receivership estate.

22  WHEREAS Receiver has provided proper and adequate notice of this hearing to Chicago
23  D&P's investors and other interested parties.

24  NOW, THEREFORE the Court having reviewed and considered the papers, and having
25  heard the arguments and all other matters properly presented to the Court, and with good cause
26  shown, the Court hereby grants Receiver's Motion to Approve the Ironwood Settlement
27  Agreement and finds and orders as follows:

1. The terms of the Settlement Agreement concerning the Ironwood Property are fair and reasonable to the receivership estate, and in the best interest of the receivership estate;

2. The Settlement Agreement is hereby approved and ratified by the Court;

3. Proper and adequate notice was given of this hearing to Chicago D&P's investors and other interested parties;

4. Upon satisfaction of the conditions set forth in the Settlement Agreement, including but not limited to Thurman and Bonilla's payment to Receiver in the amount of $60,231.30 and Thurman and Bonilla's payment of the existing encumbrances on the Ironwood Property, including any loans/deeds of trusts issued in the name of Antoinette Duckett, the property located at 118 Ironwood Court, Hercules, California (APN 406-351-016-0) (the "Ironwood Property") is released from this Court's June 1, 2004, July 1, 2004 and August 31, 2004 Orders Prohibiting Transfer of Property, and Receiver is authorized to complete all appropriate documents and take all actions reasonably necessary to complete the transaction as described in the Settlement Agreement between the parties and to effectuate the purpose of the Settlement Agreement;

5. Homecomings Financial is not permitted to collect payment of default interest, late charges, attorneys' fees and other such similar fees related to its loan/deed of trust on the Ironwood Property and any such amounts shall be stricken from any pay-off demand; and

6. The proceeds from the settlement shall be deposited into Receiver's Chicago D&P receivership bank account and Receiver shall account for such funds in his final report and accounting.

IT IS SO ORDERED.

Dated: __December 16__, 2005

By: _____
Charles R. Breyer
Judge of the United States District Court