HELANE L. MORRISON (Cal. Bar No. 127752)
JUDITH L. ANDERSON (Cal. Bar No. 124281)
  andersonju@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
  buchholzs@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

FILED

APR 28 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO D&P, INC.,<br>PATRICIA MORGEN, and SHALOM GIBSON,<br><br>Defendants,<br><br>and<br><br>REALTOPIA, INC.,<br><br>Relief Defendant. | Case No. C-04-1742 CRB<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PATRICIA MORGEN AND FINAL JUDGMENT OF DEFAULT<br><br>Date: April 28, 2006<br>Time: 10:00 a.m.<br>Ctrm: 8, 19th Floor |

The motion by plaintiff Securities and Exchange Commission ("Commission") for a judgment of default against Defendant Patricia Morgen ("Morgen" or "Defendant"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, supported by the Declarations of Judith L. Anderson, Steven D. Buchholz, and Stephen E. Anderson, plaintiff's memorandum of points and authorities, the complaint and other papers and evidence on file with the Court, has been submitted to the Court. By its motion, plaintiff seeks a judgment by default against Defendant Morgen, which would include an injunction against Morgen's future violations of the securities laws for which she is liable; an order requiring Morgen to disgorge, jointly and severally with Defendant Chicago D&P, Inc., $8,439,085.61 in ill-gotten gains, less a credit of $620,000 distributed to investors by Chicago D&P's receiver, plus prejudgment interest of $274,951.34, for total disgorgement and prejudgment interest of $8,094,036.95; and an order imposing civil penalties of $120,000 against Morgen individually.

The Court, having considered plaintiff's motion and supporting evidence and the files and records herein, and good cause appearing therefor, hereby finds:

1. The Court has jurisdiction over Defendant Morgen and the subject matter of this litigation;

2. Defendant Morgen directly or indirectly, by use of the means or instrumentalities of interstate commerce, or of the mails, or of a national securities exchange, in connection with the purchase or sale of securities, employed a device, scheme or artifice to defraud, and made untrue statements of material fact, and omitted to state material facts necessary to make the statements made true, in light of the circumstances under which they were made, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

3. Defendant Morgen, directly or indirectly, in the absence of any applicable exemption, and without any registration statement filed with the Commission or in effect as to the securities, made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, and to offer to sell securities, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c);

4.    Unless restrained or enjoined, Defendant Morgen is likely to again violate the securities laws described above;

5.    Defendant Morgen obtained, through fraud and the illegal sale of securities in unregistered distributions to the public, approximately $8,439,085.61 in ill-gotten gains, jointly and severally with Defendant Chicago D&P, Inc. This amount shall be less a credit of $620,000, the amount distributed on December 8, 2005 to investors by the Receiver for Chicago D&P, Inc. Defendant Morgen was further enriched by another approximately $274,951.34 in prejudgment interest. The amount of prejudgment interest is calculated based on the method established for interest on judgments, pursuant to 28 U.S.C. § 1961.

6.    To ensure that Defendant Morgen is not unjustly enriched from her illegal conduct, Defendant Morgen, jointly and severally with Defendant Chicago D&P, should return her ill-gotten gains with prejudgment interest thereon, totaling approximately $8,094,036.95, less a credit of $620,000, the amount distributed to investors by Chicago D&P's Receiver.

7.    The deterrent purposes of the federal securities laws would be served by the imposition of civil penalties against Defendant Morgen in the amount of $120,000.

I.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Morgen, her agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morgen, her agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption and unless a registration statement is filed and is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer or to sell such security through the use or medium of any prospectus or otherwise.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morgen is liable, jointly and severally with Defendant Chicago D&P, Inc., for disgorgement of $8,439,085.61 in ill-gotten gains representing profits gained by her unlawful conduct,, less a credit of $620,000 distributed to investors by Chicago D&P's Receiver, plus prejudgment interest of $274,951.34, for total disgorgement and prejudgment interest of $8,094,036.95. Defendant shall satisfy this obligation by paying the full amount of the disgorgement and prejudgment interest thereon within ten (10) business days to the Clerk of this Court, together with a cover letter identifying Morgen as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. No part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee

1  equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the
2  Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund
3  subject to the Court's approval.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Morgen shall pay civil penalties in the amount of $120,000, pursuant to the Securities Act and the Exchange Act, 15 U.S.C. §§ 77t(d) & 78u(d)(3). Defendant shall make this payment within ten (10) business days after entry of this Order by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312; and shall be accompanied by a letter identifying Morgen as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Order and for all other purposes.

## VI.

There being no just reason for delay, the Clerk is hereby ORDERED to enter this judgment against Defendant Morgen forthwith and without delay, which represents a final judgment of the Commission's claims against Morgen pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: April 28, 2006

United States District Judge

-5-   [PROPOSED] ORDER GRANTING PLAINTIFF'S MOT FOR
DEFAULT JUDGMENT AGAINST DEF MORGEN;
FINAL JUDGMENT
CASE NO. C-04-1742 CRB